## CHESLEY *vs.* WELCH & a.

Where application was made by an individual to take the poor debtors' oath on two executions in favor of the same party, one application and notice specifying that the oath was to be taken upon both executions, was holden sufficient.

The record of one of the magistrates before whom application was made, that the other was necessarily absent at the time originally assigned for a hearing, and that the application was postponed for this cause, was held to be *sufficient evidence of a legal postponement.*

A return, that the oath required by the statute was taken, is sufficient evidence that the proper oath was taken.

DEBT on bond, conditioned that said Welch should take the oath prescribed for the relief of poor debtors within one year from the day of the arrest on an execution, recovered in the plaintiff's favor, or should surrender himself a prisoner, as prescribed by law. The arrest was on the 12th of February, 1837.

The defendants pleaded the general issue, with a brief statement, alleging performance of the condition of the bond.

The plaintiff gave in evidence a bond signed by the defendants, with the condition aforesaid.

The defendants, to discharge themselves from the bond, offered in evidence an application to James Knight and Moses Hoyt, justices of the peace and quorum, made by Welch, to be admitted to take the poor debtor's oath before them, with an order of notice, service of the same, and a record of adjournment, and the taking of the oath by said Welch be-

fore said magistrates, which record of adjournment is as follows :

May 9th, 1837.　Moses Hoyt, esquire, being necessarily prevented from attending the hearing of the application of Joseph Welch to be admitted to take the oath prescribed by law for the relief of poor debtors, said hearing is postponed to the 16th day of May inst., at the same time of day and place mentioned in the order of notice.

James Knight,
Justice of the Peace and Quorum.

The plaintiff excepted to the proceedings in discharge of the debtor :

1. Because the debtor united in the same application notices to take the poor debtor's oath on two several executions, whereas the plaintiff is entitled to a separate hearing, oath, judgment, order and certificate, on each application.

2. The certificate of one of the magistrates, that the other was necessarily absent, as a ground of continuance, is not competent evidence of such fact, it not being a matter to be proved by the record.

3. The specific oath administered should be set forth in the return of the magistrates ; whereas they merely returned that the oath prescribed by statute was taken.

On the foregoing exceptions the case was transferred to this court for its decision thereon.

*Betton*, for the plaintiff.

*Porter*, for the defendants.

UPHAM, J.　We are at a loss to conceive of any good cause of complaint in this case, on account of one notice merely having been given that the debtor proposed to swear out on two several executions, specifying them, on which he had been committed by the same creditor.　It is in fact two no-

Chesley *v.* Welch.

tices embodied in one paper. It gives, clearly and distinctly, to the creditor, all the information which the statute requires to be given in each case. It gives it in a form perfectly convenient, and with regard to which there could be no mistake; and the form adopted precludes the creditor from no hearing or defence which would have been open to him had two several notices been served. The creditor is, therefore, entirely unprejudiced by this course, and the whole legal requirement of the statute is complied with.

Another exception taken is, that on the day appointed for the hearing but one magistrate attended, and he adjourned the hearing, making a record that the other magistrate was necessarily absent; and it is contended that the magistrate present had no authority to determine whether such absence was necessary or not.

Both magistrates issued the notice and appointed the day of hearing; and if both did not attend, it was the duty of the magistrate present to adjourn, provided any cause for adjournment existed within the provisions of the statute; and if so, his record should show the existence of such cause. He has here certified as to the existence of such cause, and the record is the proper evidence of this fact. The magistrate, therefore, has done only what his duty required him to do, and the record is properly made up, showing a legal adjournment.

Another exception is, that the return of the justices does not show the particular oath administered to the debtor, but merely that he took the oath prescribed by statute. The statute does not require the magistrates to recite the oath in their return; and though this would be the better form of a return, we do not incline, in a suit upon this act, to go beyond the literal requirement of the statute. The return is in the precise words of the law, that "the debtor took the oath prescribed by the statute;" and we think it safe enough to infer that the return is correct, without requiring evidence embodied within it to enable us to judge of that fact.

There is sufficient evidence from the return that the proper oath was taken.

The exceptions, therefore, are overruled, and there must be                                   *Judgment for the defendant.*